**Michael W. ALLEN and Rodney D. Hurd, Plaintiffs,**

v.

**PELICAN COLD STORAGE COMPANY, a Washington Corporation, Defendant.**

**No. C76–871.**

United States District Court, W. D. Washington.

Nov. 8, 1977.

Henry Haugen of Moriarty, Long, Mikkelborg & Broz, Seattle, Wash., for plaintiffs.

Martin P. Detels, Jr. of Detels, Draper & Marinkovich, Seattle, Wash., for defendant.

## OPINION

BEEKS, Senior District Judge.

This case involves a claim by seamen against a vessel owner *pro hac vice* for the value of their personal property lost when the vessel foundered. The case was submitted to this court for decision on briefs and stipulated facts.

The HOMER was a wooden power barge owned by Kenneth C. Allen and operated by defendant Pelican Cold Storage Company (Pelican) pursuant to a bare boat charter. Plaintiff Hurd was employed by Pelican as master and plaintiff Allen was employed as engineer. (Hurd also acquired a ten percent interest in the HOMER prior to its departure from Seattle for Alaska).

On April 2, 1976 the HOMER sank in the Gulf of Alaska and became a total loss. No evidence of negligence or unseaworthiness has been found and none has been alleged. The Coast Guard attributes the probable cause to a holing by an unknown object. Both Allen and Hurd were rescued but none of their personal property was recovered. Upon their return to Seattle, the plaintiffs were paid their wages.

Plaintiffs have sued to recover the value of their personal property lost on the HOMER. Hurd claims a total loss of $1,272.50; $799.80 for lost tools and $472.70 for lost personal effects and clothing. Allen claims a total loss of $2,328.97; $1,971.22 for lost tools and $357.75 for lost personal effects and clothing.

The primary issue presented is whether seamen may recover the value of personal property lost when their seaworthy vessel founders without the fault of the shipowner. The only case found which directly deals with this issue does not support plaintiffs' position. In *Razukas v. New York Trap Rock Co.*, 252 F. 311 (D.N.J.1918) it was held that the value of a seaman's personal effects could not be recovered from the vessel owner without a showing that the vessel owner breached its duty to him and that such breach was the proximate cause of his loss. In other words, liability hinges on fault.

Plaintiffs' argument is based on authority which involves either conversion of the personal property of seamen or its loss through the fault of the vessel owner or master. The authority cited does not support the proposition urged. The case at hand is not one involving conversion. Pelican has not benefited from the loss of plaintiffs' personal property, nor has Pelican converted or misappropriated it in any way. Furthermore, the cases involving the fault of the vessel owner are simply inapposite since no fault has been alleged. Thus, in effect, plaintiffs urge that the vessel owner be made an absolute insurer of the personal property of seamen. I decline the invitation to so hold.

Accordingly, I conclude that Pelican is not liable to plaintiffs. Since there is no basis for liability, the issues regarding excess wages, release, and set-off are moot.

The action is dismissed, defendant to recover taxable costs.